# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| KURT M. MEYERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. CV415-105 |
| STATE OF GEORGIA, | ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Proceeding *pro se,* Kurt M. Meyers has filed a form complaint asking this Court to order the "The Criminal Justice Coordinating Council, victim services Division and State of Georgia" to compensate him with $1,350,000.00 because (in raw unedited form): "my case details information facts of hospitalizations and/& the time loss and reported crimes. Utilizing this service, compensation is the involvement." Doc. 1 at 3, 5. He also moves for leave to proceed *in forma pauperis* (IFP). Doc. 2. Finding him indigent, the Court **GRANTS** his IFP motion, doc. 2, but his case must be **DISMISSED** pursuant to Fed. R. Civ. P. 12(h)(3) (requiring dismissal if the Court determines it lacks subject matter

jurisdiction), since he has failed to invoke a subject-matter jurisdictional basis[1] for this otherwise facially frivolous action.[2]

Meyers has failed to plead that the defendant -- assuming it is an entity capable of being sued under Fed. R. Civ. P. 17 and is not otherwise immune under the Eleventh Amendment -- is anything but a Georgia resident. He thus cannot invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). *See Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1085-86 (11th Cir. 2010); *Denegal v. DeVeaux*, 2011 WL 1456183 at * 1 (S.D. Ga. Mar. 28, 2011).

He also has failed to present a federal question under 28 U.S.C. § 1331. He has not invoked any federal statute such as 42 U.S.C. § 1983

---

[1] "A district court must have jurisdiction under at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) . . .'It is presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.' *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted)." *Butler v. Morgan*, 562 F. App'x 832, 834 (11th Cir. 2014). Because federal courts are courts of limited jurisdiction, they are presumed to lack subject matter jurisdiction in a particular case "unless the contrary affirmatively appears." *General Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968-69 (9th Cir. 1981). Finally, courts must independently determine whether subject-matter jurisdiction exists. *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1275 (11th Cir. 2012).

[2] Dismissal is also appropriate pursuant to 28 U.S.C. § 1915(e)(2), which requires dismissal of any IFP action when the action or appeal is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.

(offering a remedy for the deprivation of a citizen's constitutional rights by actors operating under color of state law), or 42 U.S.C. § 2000e *et seq.*), and "judges must not raise issues and arguments on plaintiffs' behalf, but may only construe pleadings liberally given the linguistic imprecision that untrained legal minds sometimes employ." *Bivens v. Roberts*, 2009 WL 411527 at * 3 (S.D. Ga. Feb 18, 2009).[3]

Accordingly, his case should be **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), as it bears no indication that it can be cured with a "second-chance" amendment.[4] Also, the Court reminds Meyers that this is his second frivolous case in

---

[3] The Eleventh Circuit reminds that:

> [p]ro se pleadings must be liberally construed, though the courts may not serve as *de facto* counsel for the litigant or rewrite an otherwise deficient pleading in order to sustain an action. *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), as *recognized by Randall v. Scott*, 610 F.3d 701, 705-06 (11th Cir. 2010).

*Sctry, Fl. Dept. of Corr. v. Baker*, 406 F. App'x 416, 421 (11th Cir. 2010); *Wilkerson v. H & S Lee, Inc.*, 2010 WL 2942635 at * 1 (S.D. Ga. Jun. 22, 2010).

[4] *Cf. Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010) (even though IFP's litigant's *pro se* complaint failed to state basis for federal jurisdiction and failed to state a claim, and she failed to seek leave to amend her complaint, nevertheless she should have been afforded an opportunity to amend deficiencies prior to dismissal, where no undue time had elapsed, no undue prejudice could be shown, and the record revealed some potential claim-resuscitation).

as many months, *Meyers v. Social Security Admin.*, CV415-075, doc. 3 (S.D. Ga. Apr. 20, 2015) (advising dismissal of an "at best . . . nonsensical" Complaint), and the Court will not tolerate serial, frivolous filings. *See Hurt v. Social Security Admin.*, 544 F.3d 308, 309-10 (D.C. Cir. 2008) (plaintiff's filing of extraordinary number of meritless suits and appeals warranted revocation of plaintiff's IFP privilege following especially abusive pattern aimed at taking advantage of IFP privilege); *Brown-Younger v. Lulu.com*, 2012 WL 2576214 at * 5 (N.D. Ill. July 3, 2012) ("district courts also can impose both monetary and non-monetary sanctions under [Fed. R. Civ. P.] 11 for filing or maintaining claims for an improper purpose or without adequate legal or factual support. Fed.R.Civ.P. 11(b), (b); *see Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 609–10 (7th Cir. 2008).").[5] Further frivolous filings will be met with sanctions.

---

[5] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To protect judicial resources one court extended to non-prisoner IFP movants a pay-to-play, installment payment plan analogous to what Congress imposed upon prisoners under the Prison Litigation Reform Act, which is expressed in statutory-provisions like § 1915(a)(1), (b)(1)(2). *Lafontaine, III v. Tobin*, 2013 WL 4048571 at * 2 (N.D. Iowa Aug. 9, 2013), cited in *Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1347 n. 4 (S.D. Ga. 2013). Another option is to impose a $100 filing bond. *Robbins v. Universal Music Group*, 2013 WL 1146865 at * 2 (S.D. Ga. Mar. 19, 2013) ("The Court's imposition of a filing

**SO REPORTED AND RECOMMENDED**, this 11TH day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

bond is an appropriate mechanism for reining in an IFP litigant who overburdens the Court with an unending stream of frivolous litigation."), *adopted*, 2013 WL 1761406 (S.D.Ga. Apr 24, 2013). Courts also can implement a paperless review policy. *Washington v. Chatham Cnty. Police Dep't,* 2015 WL 1951805 at * 3 (S.D. Ga. Apr. 28, 2015).